MICHAEL HOFFMAN, Bar No. 162496
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

JODY A. LANDRY, Bar No. 125743
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendants CENDANT CORPORATION, CENDANT CAR RENTAL GROUP, LLC, formerly known as Cendant Car Rental Group, Inc., CENDANT CAR RENTAL OPERATIONS SUPPORT, INC., and BUDGET RENT A CAR SYSTEM, INC.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY KRZESNIAK, individually, in behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>CENDANT CORPORATION, CENDANT CAR RENTAL GROUP, INC., CENDANT CAR RENTAL OPERATIONS SUPPORT, INC., BUDGET RENT A CAR SYSTEM, INC.,<br><br>Defendants. | E-filing<br>Case No. C-05-05156 MEJ<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: 12/13/05<br>First Amended Complaint Filed: 01/06/06 |

Plaintiff Stanley Krzesniak ("Plaintiff") and Defendant Budget Rent A Car System, Inc. ("Defendant"), (collectively the "Parties" to this Stipulated Protective Order), by and through their respective Counsel, stipulate to this Protective Order, to protect the confidential information that may be produced by the parties in response to discovery requests, including subpoena(s) for documents or testimony, as may be necessary during this above-entitled litigation, and to render

1

moot any objection to discovery on the ground of privilege based on proprietary or confidential information or trade secrets.

### 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Protective Order creates no entitlement to file confidential information under seal.

### 2. **DEFINITIONS**

2.1     <u>Party</u>: any party to this action, including any of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery or otherwise provided by a party to another party in this matter.

2.3     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under law.  Without limiting the terms hereof, the parties agree that documents including third party personnel and payroll records, and Defendant's information about wages, personnel policies and procedures, training materials and other business information that could injure Defendant if disseminated to the public or its competitors, such as sales reports, sales associate productivity reports, product reports, payroll reports, company forms for internal compliance with Defendant's standards and Defendant's weekly transmittals, may be designated as Confidential under Section 2.3.

2.4     <u>"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or</u>

Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6  Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7  Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8  Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9  Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  House Counsel: attorneys who are employees of a Party.

2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.12  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or consultant in this action and who is not a current employee of a Party, a past employee of any other Party, or a current employee of any other Party, and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of any other Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  **SCOPE**

The protections conferred by this Protective Order cover only: (a) Protected Material (as

defined above); (b) information copied or extracted from the Protected Material; and (c) all copies, excerpts, summaries, compilations or testimony referring to Protected Material.

**4.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies for protection under this Stipulated Order. A Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify and avoid designating other portions of the material, documents, items, or communications for which protection is not warranted.

Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualities for protection under this Order must be clearly so designated before the material is disclosed or produced. Designating material under this Stipulated Protective Order shall occur as follows.

(a)   For information in documentary form (apart from transcripts of depositions

or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designed for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in writing or voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   Judicial Intervention: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may challenge the identification consistent with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and the standing orders of Magistrate Judge Maria-Elena James. Each such challenge must include a declaration that: (i) affirms that the moving party has complied with the meet and confer requirements imposed in the preceding paragraph; and (ii) sets forth the justification for the confidentiality designation given by the Designating Party during the meet and confer discussions. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation

STIPULATED PROTECTIVE ORDER                                                                   Case No. C-05-05156 MEJ

has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any Designating and Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and senior management employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)   during their depositions, witnesses in the action . Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)   the author and/or any identified recipient of the document and/or the original source of the information; and

(h)   any person to whom the Designating Party has ever disclosed the document and/or information designated Confidential.

7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"</u>

Information or Items:

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c)    the Court and its personnel;

    (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (e)    the author and/or any identified recipient of the document and/or the original source of the information; and

    (f)    any person to whom the Designating Party has ever disclosed the document and/or information designated Confidential.

**8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event within a reasonable amount of time to permit the Designating Party to raise objections to any production of such information after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the

1  subpoena or order to issue in the other litigation that some or all the material covered by the
2  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
3  deliver a copy of this Protective Order promptly to the Party in the other action that caused the
4  subpoena or order to issue.

5       The purpose of imposing these duties is to alert the interested parties to the existence of
6  this Protective Order and to afford the Designating Party in this case an opportunity to try to
7  protect its confidentiality interests in the court from which the subpoena or order issued. The
8  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
9  confidential material, and nothing in these provisions should be construed as authorizing or
10 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11     9.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
13 Material to any person or in any circumstance not authorized under this Protective Order, the
14 Receiving Party must immediately: (a) notify in Writing the Designating Party of the
15 unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material;
16 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
17 this Protective Order; and (d) request such person or persons to execute the "Acknowledgment
18 and Agreement to Be Bound" that is attached hereto as Exhibit A.

19     10.    **FILING PROTECTED MATERIAL**

20      Any person or party submitting documents or information designated "CONFIDENTIAL"
21 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Stipulated Protective
22 Order must fully comply with Local Rule 79-5.

23     11.    **FINAL DISPOSITION**

24      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days
25 after the final termination of this action, each Receiving Party must return all Protected Material
26 to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,
27 abstracts, compilations, summaries or any other form of reproducing or capturing any of the
28 Protected Material. With permission in writing from the Designating Party, the Receiving Party

may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Stipulation Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Amendments</u>: This Protective Order may only be amended by written agreement of the Parties in the form of a written stipulation approved by the Court.

12.4   <u>Effective Date</u>: This Protective Order shall be effective immediately upon the Court's approval.

Date: Sept. 20, 2006                LITTLER MENDELSON, P.C.

                                    By: _____
                                        Michael Hoffman
                                        Attorneys for Defendants

```
 1                                    Attorneys for Defendants
                                      BUDGET RENT A CAR SYSTEM, INC.
 2

 3
     Date: July 20, 2006
 4                                    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

 5
                                      By: _____
 6                                        Steven M. Tindall, Esq.
                                          Peter E. Leckman, Esq.
 7                                        Attorney for Plaintiff
                                          STANLEY KRZESNIAK
 8

 9
     Date: July 19, 2006
10                                    RUKIN HYLAND & DORIA LLP

11
                                      By: _____
12                                        Peter S. Rukin, Esq.
                                          Stephanie A. Doria, Esq.
13                                        Attorney for Plaintiff
                                          STANLEY KRZESNIAK
14
```

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case of <u>Stanley Krzesniak v. Cendant Corporation</u> *et al.*, Case No. Case No. C-05-05156 MEJ. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this **Order.**

I further agree to submit to the jurisdiction of the for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

1  Based upon the foregoing Stipulation and good cause appearing,

3  **IT IS SO ORDERED**

5  Dated: September 25, 2006

   _____
   Hon. Maria-Elena James

   *[Court seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — "IT IS SO ORDERED" signed by Judge Maria-Elena James]*

10  Firmwide:81504562.1 035682.1035

14