IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY KRZESNIAK, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>    Plaintiff(s),<br><br>vs.<br><br>CENDANT CORP., CENDANT CAR RENTAL GROUP, INC., CENDANT CAR RENTAL OPERATIONS SUPPORT, INC., and BUDGET RENT A CAR SYSTEM, INC.,<br><br>    Defendant(s).<br>_____ / | No. C 05-05156 MEJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF AS A CLASS REPRESENTATIVE** |

## I.  INTRODUCTION

Before the Court is defendants Cendant Corporation, Cendant Car Rental Group, Inc., Cendant Car Rental Operations Support, Inc., and Budget Rent-A-Car System's, Inc. ("Defendants") Motion to Disqualify Plaintiff as a Class Representative, filed on December 14, 2006.  The issue for the Court to decide is whether plaintiff Stanley Krzesniak ("Plaintiff") is a proper class representative under Federal Rule of Civil Procedure ("FRCP") 23.  After careful consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court DENIES Defendants' motion for the reasons set forth below.

## II.  BACKGROUND

**A.   Factual Background**

From August 5, 2002 until December 16, 2004, Plaintiff worked as a "Station Manager," employed by Defendant Budget Rent-A-Car ("Budget").  Plaintiff alleges that during his employment he generally worked 10 hours per day and 50 hours per week.  Under state law, as an exempt employee, Plaintiff was not entitled to overtime pay.  However, based on his daily responsibilities and the level of discretion he exercised, Plaintiff disputes the propriety of his classification as an exempt employee and alleges that state law required Budget to classify him as a non-exempt employee.  Plaintiff further alleges that as a non-exempt employee, he would be entitled to receive overtime pay from Budget in compensation for his working more than eight hours per day and 40 hours per week.  These allegations constitute the factual basis for Plaintiff's wage and hour claims.

During his employment, in June 2004, Plaintiff took a supervisor approved leave of absence to spend time with his wife and newborn child.  Plaintiff alleges that as a result of his taking family leave, Budget and its agents unlawfully threatened, disciplined, and terminated him in a humiliating manner.  Defendants contend that Plaintiff was lawfully terminated for unprofessional behavior and productivity problems, as well as poor attendance and absenteeism.  These allegations constitute the factual basis for Plaintiff's unlawful retaliation claims and the defenses thereto.

**B.   Procedural Background**

On December 13, 2005, Plaintiff filed his initial Complaint alleging that Budget: (1) misclassified him as a supervisory employee exempt from overtime pay and violated California's wage and hour laws by failing to pay required overtime, failing to pay overtime wages due upon termination, failing to provide itemized wage statements, and failing to provide rest breaks and meal periods; and (2) violated California and federal law by retaliating against him for taking family leave to spend time with his wife and newborn child.

On January 6, 2006, Plaintiff filed a First Amended Complaint to assert the wage and hour claims as a class action, on behalf of himself and on behalf of all persons or entities proximately

damaged by Defendants, including "Plaintiff and all other persons who are or have been employed by Defendants, or any one of them, as Station Managers (or equivalent positions), at Budget Rent-A-Car facilities in the State of California at any time since December 28, 2001." (Pl.'s First Am. Compl. at 4).  As in his original complaint, Plaintiff also asserted the unlawful retaliation claims as an individual.

On December 14, 2006, Defendants filed a Motion to Disqualify Plaintiff as a Class Representative, as well as the Declarations of Michael Hoffman and Christopher Rolletta in support thereof.  Defendants also filed a Request for Judicial Notice.

On January 11, 2007, Plaintiff filed an Opposition to Defendants' Motion as well as the Declarations of Peter Rukin and Stanley Krzesniak in support thereof.

On January 19, 2007, Defendants filed a Reply as well as the Declaration of Michael Hoffman in support thereof.

### III.  DISCUSSION

In their motion, Defendants argue that Plaintiff is neither an "adequate" nor a "typical" class representative under FRCP 23 because his interests are not aligned with the interests of the class members he purports to represent as a named plaintiff.  Specifically, Defendants allege that Plaintiff's individual retaliation lawsuit, his antagonistic relationship to Budget, his specific credibility problems and Defendants' unique defenses thereto, and Plaintiff's status as a former Budget employee all conflict with the interests of the purported class.

Plaintiff's response is two-fold.  First, as to whether he is an "adequate" and "typical" class representative, Plaintiff argues that Defendants fail to show that his interests conflict with those of the purported class members.  Specifically, Plaintiff argues that neither his individual claims for relief against Defendants nor his animus towards Defendants cause him to be a legally inadequate class representative, that the factual differences at issue do not render him atypical from the class members, and that there is no support in law for Defendants' view that Plaintiff's interests as a former Budget Station Manager necessarily conflict with the interests of the purported class members currently employed as Budget Station Managers.

Second, Plaintiff argues that Defendants' motion is procedurally improper. Specifically, Plaintiff argues that Defendants' motion is premature because Plaintiff has not yet filed a motion for certification of a class action and thus the issue is not yet before the Court. Furthermore, Plaintiff contends that the Defendants' motion, in requesting that this Court deny class certification on the basis of Plaintiff's alleged inability to meet just two of the requirements of FRCP 23(a), "adequacy" and "typicality," ignores the FRCP 23 requirement that a court determine whether the class action to be certified concurrently meets all four requirements of FRCP 23(a) and one of the four requirements of FRCP 23(b).

### A. Request for Judicial Notice

As a preliminary matter, Defendants request that the Court take judicial notice of the contents of: (1) A copy of a letter from Jackson Lewis, dated February 7, 2006, to the California Department of Fair Employment and Housing ("DFEH") making a public records request, pursuant to the Freedom of Information Act ("FOIA") and California Public Records Acts, to obtain documents on file with the DFEH regarding all complaints Plaintiff made with the agency, including but not limited to charge no. E200405 A0963-00-fpe/37 AA 504201; (2) a copy of a declaration from the DFEH responding to the FOIA request; (3) a copy of the Equal Employment Opportunity Commission ("EEOC") charge no. 370-2005-00619, produced in response to the FOIA request; (4) a copy of the EEOC notice of dismissal as to charge no. 370-2005-00619, produced in response to the FOIA request; (5) a copy of DFEH charge E200405 A0963-00-fpe, produced in response to the FOIA request; (6) a copy of the letter and chronology, dated December 8, 2005, from Plaintiff to the DFEH regarding his charge(s), which the DFEH produced in response to the FOIA request; (7) a copy of DFEH letter, dated January 20, 2006, explaining its basis for closing the case on charge no. E200405 A0963-00-fpe, produced in response to the FOIA request; (8) a copy of DFEH notice of case closure regarding charge no. E200405 A0963-00-fpe, produced in response to the FOIA request; (9) a copy of the letter from Plaintiff, dated February 10, 2006, to the DFEH regarding his charges, which the DFEH produced in response to the FOIA request; (10) a copy of the letter from Plaintiff, dated December 15, 2004, to the DFEH regarding his charges, which the DFEH produced

in response to the FOIA request; (11) a copy of the letter from Plaintiff, dated November 4, 2004, to the DFEH regarding his charges, which the DFEH produced in response to the FOIA request; (12) a copy of the Complaint, *Stan Krezesniak v. Cendant Car Rental Group Inc., et al.,* California Labor Commissioner case no. 11-30725 LK; (13) a copy of the Notice of Hearing on California Labor Commissioner case no. 11-30725 LK, dated July 18, 2005; (14) a copy of the Notice of Hearing on California Labor Commissioner case no. 11-30725 LK, dated August 10, 2005; and (15) a copy of the Notice of Hearing on California Labor Commissioner case no. 11-30725 LK, dated September 7, 2005. Having received no opposition and good cause appearing, the Court hereby GRANTS Defendants' request for judicial notice.

**B.      Legal Standard**

Class actions are governed by FRCP 23. Under FRCP 23, the Court's threshold task is to ascertain whether the proposed class satisfies the requirements of FRCP 23(a), namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). In addition to meeting the conditions imposed by FRCP 23(a), the parties seeking class certification must also show that the action is maintainable under FRCP 23(b)(1), (2) or (3). Id. at 1022. Under FRCP 23, the party seeking class certification bears the burden of demonstrating that she has met each of the four requirements of FRCP 23(a) and at least one of the requirements of FRCP 23(b). Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001) (*as amended by* Zinser v. Accufix Research Institute, Inc., 273 F.3d 1266 (9th Cir. 2001).

Generally, a defendant can attack the merits of a proposed class's claim in a motion to dismiss even before the plaintiff moves for class certification. Uyeda v. J.A. Cambece Law Office, P.C., No. C 04-04312 JW, 2005 WL 1168421, at \*5 (N.D. Cal. 2005) (citing 10 Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial, § 770, at 10-115 (The Rutter Group 2005)). However, if the defendant chooses to attack a proposed class's ability to meet the prerequisites of FRCP 23(a) or (b), the defendant should do so by opposing the plaintiff's motion for class certification. Id. (citations omitted). This is consistent with FRCP 23(d), which

permits the federal courts to control the conduct of class actions. Fed. R. Civ. P. 23(d). This power extends to the making of orders determining the proper course of the proceedings and to prescribing measures to prevent undue repetition in the parties' presentation of evidence supporting and opposing class action certification. Id.

**C.  Application to the Case at Bar**

In Uyeda, the plaintiff sought to certify a class action. Although the plaintiff had yet to file a motion for certification, the defendant filed a motion to dismiss, arguing that the plaintiff could not meet the requirements of FRCP 23(b)(2) and, therefore, should not be permitted to seek class certification. Uyeda, 2005 WL 1168421 at *1, 3. The court denied defendant's motion, stating, "This argument is not proper in a motion to dismiss and should be made in an Opposition after Plaintiff files a Motion for Certification of Class Action. The Court, therefore, will not address Defendants' certification argument at this time." Id. at *6. In so holding, the Uyeda court properly exercised its FRCP 23(d) authority to make orders and prescribe measures to control the conduct of class actions.

Here, Defendants filed a motion challenging Plaintiff's ability to meet the FRCP 23 requirements before Plaintiff filed a motion for class certification. Because Plaintiff has not yet filed his motion, he has not been afforded the opportunity to bear his burden and the record before the Court is incomplete and ill-suited to the task of informing its judgment. Without a complete record, this Court is unable to conduct the rigorous analysis required by Rule 23. Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1233 (9th Cir.1996) (citing In re American Medical Sys., 75 F.3d 1069, 1078-79 (6th Cir.1996) ("[D]istrict courts must conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class").

Further, the Advisory Committee Notes to FRCP 23(d) indicate that the objective of FRCP 23(d) is "fair and efficient conduct of the action." As to fairness, as stated above, Plaintiff has not had ample opportunity to establish his qualifications as a class representative. As to efficiency, "[I]n evaluating the pleading process in class actions the court and the parties always should keep in mind two of the basic philosophies of the federal rules - simplicity of procedure and a desire for the

6

speedy determination of litigation on its merits." <u>Castillo v. Norton</u>, 219 F.R.D. 155, 159 (D. Ariz. 2003) (quoting 5 Charles Alan Wright & Arthur R. Miller, 7B Fed. Prac. & Proc. Civ.3d § 1798). Here, adhering to the normal and accepted procedural course will best ensure that the proposed class action is conducted in a simple and speedy manner. An order to this effect is well within the Court's FRCP 23(d) authority.

## IV. CONCLUSION

The determination of whether to certify a class action has enormous implications for all participants. The record now before the Court is inadequate to support such a weighty determination. On this basis, the Court DENIES Defendants' motion to disqualify Plaintiff as a class representative.

**IT IS SO ORDERED.**

Dated: February 27, 2007

MARIA-ELENA JAMES
United States Magistrate Judge

7