March 5, 2007

The Honorable Maria-Elena James
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

                                        Re:     *Krzesniak v. Cendant Corp, et al.,* 3:05-cv-5156

Dear Judge James:

Pursuant to this Court's standing order, the parties write to seek the Court's ruling on a discovery dispute. The dispute—and the parties' positions—are set forth below.

**FACTUAL BACKGROUND**

The amended complaint in this case alleges that Defendants misclassified their managers as exempt from California's overtime laws.  Plaintiff seeks to recover the unpaid overtime wages for himself and a putative class of managers.  Defendants deny that their managers were misclassified and oppose Plaintiff's claims for relief.

On April 18, 2006, Plaintiff propounded an interrogatory seeking the names, addresses, and telephone numbers of all managers who worked for Defendants during the liability period.  Defendants have objected to the interrogatory on the grounds of relevance and third-party privacy and refused to provide the contact information requested.

Counsel have met and conferred extensively and in person in an effort to resolve the dispute.  Despite their efforts, however, they have been unable to reach an agreement and now ask for the Court's intervention.

**PLAINTIFF'S POSITION**

The Federal Rules of Civil Procedure provide for liberal discovery, and Defendants bear a heavy burden in opposing production of the requested information.  *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15, 85 S.Ct. 234 (1964) (the discovery rules should be permitted a "broad and liberal scope"); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir 1975) ("under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied").

Here, the information sought plainly satisfies the discovery relevance standard.  To begin with, the putative class members are percipient witnesses with respect to issues relevant to liability, damages, and class certification.  Regarding liability, putative class members possess information about the type of work managers perform and the amount of time they spend performing that work--two facts critical to Defendants' liability for Plaintiffs' overtime claims.  Regarding damages, class members have information about the number of overtime hours worked during the class period.  Finally, class members have knowledge of facts essential to rebutting the arguments that Defendants will likely raise against class certification, including whether there are any significant variations in either the tasks assigned to managers or the amount of time managers spent performing any exempt tasks.  *See* Defendant's Answer to First Amended Complaint for Damages and Injunctive Relief, ¶¶ 15, 17, and 18 (denying that common duties were performed by the class and that Plaintiff had the same duties and responsibilities as other class members).

In strikingly similar circumstances, another judge of this Court ordered production of putative class member contact information.  In *Tierno v. Rite Aid Corp.*, Judge Henderson denied defendant's objections to a Magistrate Judge's ruling ordering disclosure of the names and addresses of putative class members in a wage and hour class action, pursuant to an opt-out privacy procedure.  *Tierno v. Rite Aid Corp.*, 2006 WL 2535055, *1 (N.D.Cal. 2006).  At least one other federal district court within the Ninth Circuit reached the same conclusion.  *See, e.g.*, *Jimenez v. Domino's Pizza, LLC*, Case No. SACV 04-1107-JVS(RCx), 2006 U.S. Dist. LEXIS 66510 (C.D.Cal. Jan. 13, 2006) (ordering production of putative class member contact information in wage and hour class action).[1]

Similarly, Defendants' objections to production of the information requested here lack merit.  Defendants contend that production of the contact information will unduly disrupt Defendants' operations.  Certainly, Defendants may not be pleased to have their current and former employees learn of the existence of a lawsuit against the company.  Defendants' desire to keep class members in the dark regarding the lawsuit, however, cannot justify denying Plaintiff's counsel an opportunity to develop evidence in the possession of these individuals.  Moreover, even if disruption of Defendants' operations were a legitimate basis for preventing the disclosure of highly relevant information (which it is not), there is no basis for the assertion that production of contact information of Defendants' former employees would disrupt Defendants' operations in any way.

Defendants also object that the information sought is private and confidential.  However, any privacy concerns can be accommodated by providing class members with an opportunity to opt-out of the disclosure.  *See Pioneer Electronics (USA), Inc. v. Superior Court*, 53 Cal.Rptr.3d 513, 521-522 (2007) (opt-out notice to putative class members allowing them to object to disclosure of their personal information fully satisfies any privacy concerns).  Plaintiff's counsel have already expressed their willingness to an opt-out privacy notice of the sort the California Supreme Court recently endorsed in *Pioneer Electronics* and which is routinely utilized in wage and hour litigation in California.[2]

---

[1] In contrast, Defendants have not identified a single decision within the Ninth Circuit denying production of contact information in a wage and hour class action.  Indeed, the only two decisions from this jurisdiction that Defendants cite—*In re Air Disaster Near Honolulu, Hawaii on February 24, 1989*, 792 F.Supp. 1541 (N.D.Cal. 1990) and *Palmer v. Stassinos*, 2005 WL 3868003 (N.D.Cal. May 18, 2005)—actually support Plaintiff's position.  In *In re Air Disaster*, a personal injury suit in which the class allegations had been stricken, plaintiffs' counsel sought the passenger list of the ill-fated flight in order to "round[] up as many passengers as possible to press claims." *Id.*  In denying the requested discovery, the court explained that it was "not appropriate for this court to help plaintiffs' counsel round up more clients." *Id.*  However, the court specifically cited "identification of witnesses" – the very reason Plaintiff Krzesniak seeks production of the putative class member's contact information – as potential grounds for production of the passenger list.  *Id.*  Likewise, in *Palmer v. Stassinos*, a debt collection act case, the district court based its decision to deny the requested discovery on (1) the California Court of Appeal's decision in *Pioneer Electronics*; and (2) the fact that putative class members possessed no information relevant to class certification issues.  Here, putative class members possess information critical to the class action inquiry, and the *Pioneer Electronics* decision upon which *Palmer* relied was subsequently reversed by the California Supreme Court.

[2] Defendants' contention that an opt-out notice is insufficient to protect employees' privacy interests is inconsistent with *Pioneer Electronics* as well as the California and federal discovery schemes.  For example, California law provides that third-party personal employment, financial

Lastly, Defendants have expressed a concern that Plaintiff's counsel will use the contact information to solicit new clients. During the meet and confer process, Defendants' counsel was willing to allow Plaintiffs' counsel access to contact information from a sample of putative class members, but sought to condition the production on Plaintiff's counsel's agreement that no class member whose contact information is provided to Plaintiff's counsel would be added as a plaintiff in this action. Plaintiff's counsel responded that they understand their obligations under the California Rules of Professional Conduct and assured Defendants that they would not engage in any improper solicitation, but explained they could not agree to the proposal for two reasons.

First, defense counsel's proposed agreement violates Rule 1-500 of the California Rules of Professional Conduct, which provides that "a member shall not be a party to or participate in offering or making an agreement, whether in connection with the settlement of a lawsuit or otherwise, if the agreement restricts the right of a member to practice law." *Id.* *See also* Comments to Rule 1-500 ("the practice, in connection with settlement agreements, of proposing that a member refrain from representing other clients in similar litigation, is prohibited. Neither counsel may demand or suggest such provisions nor may opposing counsel accede or agree to such provisions.")

Second, by restricting Plaintiff's counsel's ability to seek to add additional plaintiffs at some later date, the proposed agreement would impinge on Plaintiff's counsel's fiduciary duty to the class. For example, should a putative class member in the future express a desire to serve as a class representative, whether before or after class certification, the proposed agreement would preclude Plaintiff's counsel from seeking to add that individual as a class representative even if the addition of the individual were in the best interests of the class. Plaintiff's counsel's voluntarily agreement to such a restriction would call into question their adequacy as class counsel.

**DEFENDANTS' POSITION**

A.  A Decision Should Be Postponed Until Plaintiff Proves That He Is An Adequate Class Representative

Classwide discovery is not a given. "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class-action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1425 (9th Cir. 1985). "Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Id.* Defendants moved to disqualify Plaintiff as a class representative, which the Court denied without prejudice on procedural grounds. Plaintiff's refusal to limit the addition of new parties at this late stage implies that the discovery is aimed at finding a substitute for Plaintiff, which circumvents *Mantolete*. The Court should postpone ruling on this demand until it rules on the substance of Defendants' motion.

B.  Federal Policy Disfavors Disclosure And Court Notices Before A Ruling On Class Certification

Chief Judge Walker rejected the same demand in a similar case, reasoning that disclosure was unwarranted before a ruling on class certification and adding that court-initiated notice to the class was improper. *In re*

---

and medical data must be produced *unless* the affected consumer affirmatively objects to the production. *See* California Code of Civil Procedure Sections 1985.3 and 1985.6. The federal discovery rules are, if anything, actually *less protective*, insofar as they do not provide for a consumer notice process.

*Air Disaster Near Honolulu*, 792 F. Supp. 1541, 1551 (N.D. Cal. 1990).  The demand is likely to be used as a tool for recruiting clients, not necessary discovery.  *Id*.  Contrary to Plaintiff's distinction for wage claims, Judge Walker further explained: "[C]ourt-initiated notice to potential claimants may represent an extraordinary and untoward expansion of federal judicial power, inconsistent with fundamental constitutional principles.  Because of this concern, the [Court] is not inclined to initiate notice to potential claimants except where the Supreme Court or the Ninth Circuit has expressly authorized such notice and it is demonstrably necessary."  *Id*.  *See also Palmer v. Stassinos*, 2005 WL 3868003, \*4 (N.D. Cal. 2005) (identity of each class member was "not relevant at this stage of the litigation" to class certification issues and the "rationale" of *Pioneer Electric*, though not binding in that federal question case, was "persuasive").  Since no statute or circuit court precedent calls for such disclosure, the Court should deny the demand.

Plaintiff's proposal for "opt-out" notices is an improper, backdoor attempt to publicize the case before any ruling on certification.  *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (district court abused its discretion in approving discovery notices to class members, for the possibility of using such contact to "coerce defendants into settlement" outweighed any discovery needs); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) (denying disclosure because contacting class members threatens to "stir up" litigation); *Hoffman v. United Telecom., Inc.*, 111 F.R.D. 332, 335-37 (D. Kan. 1986) (denying EEOC notice because it takes "little imagination" to see that such contact "may pose a substantial threat" to the employer's operations and "working relationships of [its] employees"); *Brooks v. Bellsouth Telecom., Inc.*, 164 F.R.D. 561, 571 (N.D. Ala. 1995), *aff'd*, 114 F.3d 1202 (11th Cir. 1997) (wage case).

The case of *Tierno v. Rite Aid Corp.*, *supra*, is not helpful to Plaintiff or the Court.  *Tierno* cites no case law and fails to address Defendants' concerns.  Most significantly, the *Tierno* court "granted Plaintiff's motion for class certification simultaneously with this Order."  This Court has not certified a class, thereby nullifying any persuasive value *Tierno* might have.

*Jimenez v. Domino's*, *supra*, illustrates the flaw in Plaintiff's position.  The Magistrate Judge ordered disclosure based on *state court* cases suggesting that wage and hour suits "routinely proceed as class actions" and a conclusory assertion (no explanation or supporting citations) that the plaintiffs "need the requested information to pursue certification."  Not only does the order fail to link the disclosure to proof of any class certification issues, but the District Judge thereafter *denied* class certification.  *Jimenez v. Domino's Pizza*, 238 F.R.D. 241 (C.D. Cal. 2006).  The discovery order was a mistake.

C.  The Putative Class Members And Defendants Have Privacy Interests

Plaintiff invoked federal question jurisdiction to bring this action.  Residential privacy interests are protected under federal law.  *Dep't of Defense v. FLRA*, 510 U.S. 487, 501 (1994) (labor unions were not entitled to names and addresses of employees in units *represented by the unions*).  Plaintiff discounts these privacy rights, citing *Pioneer*, but the reasoning of that case makes it distinguishable.  The court emphasized that class members had little expectation of privacy because they voluntarily disclosed their names and addresses by complaining about the product.  *Pioneer*, 53 Cal. Rptr. 3d at 521.  The court added that its analysis would be different if disclosure caused a "revelation" of financial or personnel information.  *Id*. at 522.  *Compare Hofmann Corp. v. Superior Court*, 172 Cal. App. 3d 357, 364 (1985) (denying discovery of customer names and addresses).  Unlike *Pioneer*, Plaintiff is not asking for class members who submitted wage complaints.  Moreover, disclosure of the names will include personnel and compensation information by inference.  Each person called by Plaintiff's counsel may be surprised or upset to learn that their job

status and compensation elements (*i.e.*, salary, incentive pay, etc.), in addition to addresses and phone numbers, were disclosed to strangers simply because Plaintiff plead a class action.

Plaintiff's proposed solution —notices and consent forms — runs into the same problems underlying the federal policy disfavoring pre-certification notices.  Without a directive from the Supreme Court, Ninth Circuit, or statutes, Plaintiff is receiving aid from the Court to publicize the lawsuit, screen out opponents of his lawsuit, and quickly identify the putative class members most hostile to Defendants.  *Honolulu*, 792 F. Supp. at 1551 (by contrast, notices may be ordered under the FLSA because litigants must affirmatively opt-in to participate in the case).  The likely harm to Defendants and the opportunity for attorneys to use the roster as a recruiting tool outweighs the claimed discovery need.  Plaintiff has not described circumstances which justify a departure from the usual discovery methods.  *Id.*

D.  Plaintiff's Admissions Show That He Has Access To Other Witnesses

The proposed class is comprised of 76 current and former employees.  Plaintiff testified that he has already spoken to at least six putative class members regarding the case — about 8% of the class — identifying four persons by name and adding "there are a couple of others, but I don't remember their names."  (Pltf. Depo. at 25:16-26:2.)  Plaintiff's attorneys have not disclosed how many putative class members they have interviewed or attempted to contact.  There is no reason to conclude that six individuals, plus an unknown number of witnesses contacted by Plaintiff's counsel and additional witnesses who may be deposed or identified through discovery, will fail to provide Plaintiff with adequate information to move for class certification.  *Honolulu*, 792 F. Supp. at 1551.  If he contends that "all" class members must be interviewed to determine the propriety of certification, then class treatment is clearly inferior and individual issues predominate.  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 616 (1997).  His discovery defeats the very purpose of certification.

E.  The Court Should Bar Plaintiff From Using This Discovery To Add Parties

Plaintiff refuses to agree that no new parties will be added at this stage of the case.  Notwithstanding his argument, there is no ethical restriction on adding individuals as parties to this case.  Federal courts are expressly authorized to do so.  Fed. R. Civ. P. 1, 16(b)(1); *Chinn v. Giant Food, Inc*., 100 F. Supp. 2d 331, 334-35 (D. Md. 2000) (litigant could not evade deadline for adding new parties in class action by filing a duplicative suit).  If the Court is inclined to compel disclosure of class member names and addresses, an order restricting the joinder of these interviewees is appropriate in order to prevent solicitation of new parties under the guise of pre-certification discovery.

**CONCLUSION**

The parties respectfully request guidance and a ruling from the Court on this dispute.

Respectfully submitted

| | |
|---|---|
| Peter Rukin | Michael Hoffman |
| Steven Tindall | LITTLER MENDELSON |
| RUKIN HYLAND DORIA & TINDALL | Counsel for Defendants |
| Counsel for Plaintiff Stanley Krzesniak | |