IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STANLEY KRZESNIAK,

    Plaintiff(s),

vs.

CENDANT CORPORATION, et al.,

    Defendant(s).

No. C 05-5156 MEJ

**ORDER DENYING PLAINTIFF'S REQUEST FOR CONTACT INFORMATION**

    The Court is in receipt of the parties' joint discovery dispute letter, filed March 5, 2007. (Doc. #34.) In the letter, plaintiff Stanley Krzesniak seeks a court order compelling Defendants to produce the names, addresses, and telephone numbers of all managers who worked for them during the liability period. Although no class has been certified in this matter, Plaintiff argues that the requested information is relevant with respect to liability, damages, and class certification issues. Defendants argue that the Court should postpone ruling on this discovery until after Plaintiff proves that he is an adequate class representative. Defendants also contend that Plaintiff has access to putative class members, as evidenced by his deposition testimony in which he testified that he had already spoken to at least six putative class members.

    Prior to certification, courts typically limit discovery to certification issues such as the number of class members, existence of common questions, typicality of claims, and the representative's ability to represent the class. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Such discovery may be permitted where the plaintiff meets the burden of showing that

discovery is likely to produce substantiation of the class allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

Here, the Court finds that good cause may exist to permit the requested discovery were Plaintiff and his counsel unable to locate and interview any putative class members. However, it appears that Plaintiff has already spoken to at least six putative class members and may have access to others. Given that the potential class totals 76 members, it is unclear why these individuals would not provide Plaintiff with adequate information to move for class certification. Further, the Court is aware that compelling the production of contact information prior to class certification may result in "court-initiated notice to potential claimants," which would be inappropriate. *In re Air Disaster Near Honolulu, Hawaii*, 792 F.Supp. 1541, 1551 (N.D. Cal. 1990) ("court-initiated notice to potential claimants may represent an extraordinary and untoward expansion of federal judicial power"). Thus, while the contact information may be relevant after class certification, the Court DENIES Plaintiff's request at this time.

**IT IS SO ORDERED.**

Dated: March 8, 2007

MARIA-ELENA JAMES
United States Magistrate Judge