IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STANLEY KRZESNIAK, individually, on behalf of all others similarly situated, and on behalf of the general public,

    Plaintiff(s),

vs.

CENDANT CORP., CENDANT CAR RENTAL GROUP, INC., CENDANT CAR RENTAL OPERATIONS SUPPORT, INC., and BUDGET RENT A CAR SYSTEM, INC.,

    Defendant(s).

No. C 05-05156 MEJ

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PROPOSED CLASS NOTICE**

## I. INTRODUCTION

Before the Court is plaintiff Stanley Krzesniak's ("Plaintiff") Motion for Class Notice, filed November 14, 2007. (Doc. #97.) After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

## II. BACKGROUND

Plaintiff is a former Station Manager (now known as a Shift Manager, collectively referred to herein as "SM") at Budget Rent a Car ("Budget"). In addition to individual wrongful discharge and retaliation claims, Plaintiff contends that Budget's treatment of California SMs violates California labor laws. Plaintiff alleges that, despite their job title, Budget SMs do not spend more than fifty percent of their time on discretionary managerial functions, and thus do not meet the criteria for

1 being classified as "exempt" management employees under California law.

On June 20, 2007, the Court certified a class under Federal Rule of Civil Procedure ("FRCP") 23(b)(3) that includes all SMs in the State of California at any time between December 28, 2001 and the present (the "Class"). The parties met and conferred to compose a class notice, but have not been able to agree on the terms. As a result of their disagreements, Plaintiff moves for the Court to adopt his proposed notice. Defendants oppose the motion and request that the Court adopt their notice in the alternative.

### III. LEGAL STANDARD

After a court certifies a class under FRCP 23(b)(3), it must direct to class members the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B). The notice must concisely state in plain easy to understand language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under FRCP 23(c)(3). *Id.* A class notice must only have "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977).

Typically, the plaintiff prepares the notice for the court's review and approval, giving the defendant the opportunity to object or suggest changes. *Harris v. Pan Am. World Airways, Inc.*, 74 F.R.D. 24, 52 (N.D. Cal. 1977). However, the court is ultimately responsible for directing notice to the class members and protecting their due process rights to remain in the class or be excluded. Fed. R. Civ. P. 23(c).

### IV. DISCUSSION

Here, the Court finds that both parties submitted proposed notices that tend to present certain information in their favor. Rather than use either notice, the Court shall model the notice in this case after a class notice recently issued by the Honorable Thelton E. Henderson in a similar overtime

2

case. *Tierno v. Rite Aid Corp.*, No. 05-2520 TEH (Doc. #130). The Court finds that the *Tierno* notice complies with the requirements of FRCP 23(c)(2)(B) and, for purposes of the present case, provides a balance between Plaintiff and Defendants' proposed notices. The Court shall modify the *Tierno* notice as appropriate for the present case, as explained below. First, however, the Court shall address the outstanding disputes between the parties.

**A.     Plaintiff's Use of a Federal Judicial Center Sample**

In his motion, Plaintiff requests that the Court approve the form of his notice, which he modeled after the Federal Judicial Center ("FJC") template. Plaintiff argues that the FJC template is expressly endorsed by the 2003 Advisory Committee Notes to FRCP 23(c). In response, Defendants argue that (1) the FJC sample notices are not entitled to the same deference as a notice prepared by the Advisory Committee; (2) Plaintiff's application of the Committee Note drifts too far from the actual language of FRCP 23(c)(2)(B); (3) the sample notices are merely "helpful starting points," and are not intended to serve as substitutes or templates for the actual notices; and (4) Plaintiff mistakenly assumes that this case is similar to an employment discrimination action.

According to the Advisory Committee Notes, "The federal judicial center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms." Adv. Cmte. Notes (2003) to Fed. R. Civ. P. 23(c). Thus, the Court can look to the FJC template as a *starting point*, but it need not adopt the template in full. Further, as the *Tierno* notice adequately addresses the requirements of FRCP 23(c)(2)(B), the FJC template proposed by Plaintiff is unnecessary.

**B.     Proposed Website**

In his notice, Plaintiff proposes a website to publicize the action, tentatively styled "BudgetManagerClassAction.com." Defendants argue that electronic publication in this case is excessive and creates risks that outweigh purported benefits. In support of their argument, Defendants cite *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623 (D. Colo. 2002). In *Reab*, the court found that electronic communication "inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice" approved by the court.

3

*Id.* at 630. However, the concerns the court addressed in *Reab* are distinguishable in the present case. First, the plaintiffs in *Reab* sought to use both electronic mail and an internet website to distribute notice. *Id.* Here, Plaintiff does not seek to send notice by email - which the *Reab* court singled out as a problematic method of sending notice (*Id.* at 630-31). Second, although the court in *Reab* noted that messages in electronic format could be easily be forwarded to nonclass members and posted to internet sites (*Id.* at 631), the same can be said of messages sent by first class mail, which can easily be scanned and posted to websites.

Because Plaintiff does not seek to send notice by email, the Court finds that the proposed website will provide an effective way to make substantial information available to class members while avoiding the issues raised by the court in *Reab*. Further, other courts have found the use of a website beneficial as part of a class action notice. *See, e.g., Flanagan v. Allstate Insurance Co.*, 2007 WL 3085903 at *2 (N.D. Ill. 2007); *Schwartz v. TXU Corp.*, 2005 WL 3148350 at *11 (N.D. Tex. 2005); *In re McKesson HBOC, Inc. ERISA Litigation,* 391 F.Supp.2d 844, 848 (N.D. Cal.,2005). Accordingly, the notice shall contain the BudgetManagerClassAction.com website. However, access to the website shall be restricted by requiring class members to enter a unique, individual password in order to access the website. The password shall be communicated to class members in the mailed notice itself, and the parties shall jointly determine the password requirement and how it will be attached to the notice provided with this Order.

**C.  Identification of Opposing Counsel**

Defendants also argue that the notice should identify defense counsel as a matter of basic fairness. Plaintiff opposes this request. However, while the Court may order a defendant not to unilaterally contact class members directly before the opt-out period expires, *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1202 (11th Cir. 1985), there is nothing that prevents class members from contacting a defendant's counsel before the expiration of the opt-out period. Until then, the class members are not represented by plaintiff's counsel and plaintiff cannot "freeze" opposing counsel's right to communicate. *Resnick v. American Dental Ass'n*, 95 F.R.D. 372, 376 fn.6 (D.C. Ill. 1982). Further, the identify of defense counsel is a matter of public record and will be posted on

the website, at a minimum, via court documents that list defense counsel. Accordingly, out of fairness, the notice shall identify defense counsel.

**D.     Inclusion of an Opt-Out Form**

Plaintiff excluded an opt-out form from his proposed notice; however, Defendants argue that the process of opting-out should be no more burdensome than the process of participating in the case, and therefore the Court should order Plaintiff to include self-addressed, stamped postcards for opt-outs.

FRCP 23(b)(3) does not explicitly require an opt-out form be included as part of the notice. Reviewing the Advisory Committee Notes included with FRCP 23(c)(2)(B), in 2003 the Committee referred to illustrative clear-notice forms provided by the Federal Judicial Center. *See* Fed. R. Civ. P. 23(c)(2)(B) advisory committee's note. The example notice forms provided by the Federal Judicial Center merely includes language, on the face of the notice, that a class member may decide to be excluded from the class, and if they wish to do so, they may send a letter to a given address. *See* http://www.fjc.gov/ (Class Action Notices Page). The notice forms do not appear to contemplate the inclusion of an exclusion notice form. Further, the Court finds that on balance, such a separate form will "engender confusion" and may encourage class members to "unwittingly opt out of the class." *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D. Cal. 1988). Accordingly, the notice shall not include an opt-out form.

**E.     Disputes Regarding Individual Notice Sections**

The Court resolves the remaining disputes as follows.

1) The notice shall include the case caption and be formatted as a judicial document. The Court's return address shall be included on the envelope containing the notice, and Plaintiff shall use a postage stamp rather than a postal meter.

2) The notice shall include a balanced presentation of each side's position, including any injunctive relief sought by Plaintiff, and Defendants' objections thereto. The notice shall not include a specific reference to managers' time spent renting, cleaning, and moving cars, as these are not the only job duties at issue.

5

3) It is not necessary to inform potential class members of future discovery obligations. "Discovery of non-named plaintiffs is both rare and usually inappropriate." *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D. Cal. 1988) (citing *Wainwright v. Kraftco Corp.*, 54 F.R.D. 532, 534 (N.D. Ga.1972) and *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D. Kent.1971)). While limited discovery may be necessary in this case, the Court does not wish to dissuade potential class members by informing them of discovery obligations that may, in fact, not arise.

4) The notice shall include information regarding Plaintiff's individual claims and the potential conflict of interest they create.

5) The notice shall include language concerning the Division of Labor Standards Enforcement and class members' options of pursuing claims before the DLSE.

## V. CONCLUSION

Based on this analysis, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Class Notice. The Court directs the parties to use the class notice attached to this Order. The Court further ORDERS as follows

1) By January 10, 2008, Defendants shall provide to Plaintiff's counsel and the third party administrator a database containing the names and last known addresses and phone numbers of all Class Members;

2) By January 25, 2008, the third party administrator shall mail the Class Notice described herein to all Class Members; and

3) Plaintiff shall pay the entire cost of giving notice to the class.

**IT IS SO ORDERED.**

Dated: December 17, 2007

MARIA ELENA JAMES
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

STANLEY KRZESNIAK,

        Plaintiff,                 No. C 05-5156 MEJ

        v.                        **CLASS ACTION**

CENDANT CORPORATION, et al.,

        Defendants

                                        /

**NOTICE OF CERTIFICATION OF WAGE-AND-HOUR CLASS ACTION**

**PLEASE READ THIS NOTICE CAREFULLY**
**YOUR LEGAL RIGHTS MAY BE AFFECTED**

**TO:**    ALL BUDGET RENT-A-CAR STATION MANAGERS AND SHIFT MANAGERS WHO ARE OR WERE EMPLOYED BY BUDGET IN CALIFORNIA ON OR AFTER DECEMBER 28, 2001.

      **PLEASE TAKE NOTICE** that a class action lawsuit is now pending in the United States District Court for the Northern District of California, before the Honorable Maria-Elena James. On June 20, 2007, the Court granted Plaintiff Stanley Krzesniak's ("Plaintiff") motion to certify a class of all Station Managers and Shift Managers who are or were employed by Budget Rent-a-Car ("Budget") in California on or after December 28, 2001. On behalf of the class, Plaintiff contends that Budget Station Managers and Shift Managers are misclassified as exempt and are owed compensation and penalties with respect to overtime hours, meal periods and rest breaks, and wage statements. According to Budget's records, you are a member of this class. You should read this notice carefully.

      This notice is not an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by either side in this litigation. The sole purpose of this notice is to inform you of the lawsuit so that you can make an informed decision as to whether you should remain in or opt out of this class action.

**I.**     <u>Nature and Status of the Action</u>

      Plaintiff Stanley Krzesniak filed a lawsuit on behalf of all current and former Station Managers and Shift Managers against Budget. The lawsuit is known as *Krzesniak v. Cendant Corp.*, Case No. C 05-5156 MEJ. (Cendant Corp. was the parent company of Budget Rent-a-Car). The lawsuit alleges that Budget misclassified its California Station Managers and Shift Managers as exempt from overtime compensation, failed to provide them with meal periods and rest breaks, and rendered inaccurate wage statements. The lawsuit seeks to recover for the Station Managers and Shift Managers compensation and penalties for overtime hours allegedly worked by them, meal periods and rest breaks allegedly not provided to them, and wage statements issued to them that allegedly were not accurate. Plaintiff also seeks an injunction ordering Budget to classify the Station Managers and Shift Managers as non-exempt and pay them on an hourly basis, or alternatively to change the job duties.

      Budget denies Plaintiff's claims. It maintains that Station Managers and Shift

Managers perform the duties of exempt managers. Defendants also oppose Plaintiff's requested injunction to change the job duties of the Station Managers and Shift Managers and pay tem on an hourly basis, or alternatively to change the job duties.

In addition to his claims on behalf of the Class, Plaintiff also asserts individual claims (*i.e.*, not for the Class) for wrongful discharge and retaliation. Defendants also deny Plaintiff's individual claims, and they contend that his individual claims create a conflict of interest for the Class.

More information about this lawsuit may be found at the following website: www.BudgetManagerClassAction.com.

The Court has not decided whether Plaintiff or Defendants is correct. That is not the subject of this notice.

## II.   About Class Actions

A class action is a lawsuit in which the claims and rights of many people may be decided in a single court proceeding. The Plaintiff, acting as the class representative, asserts claims on behalf of himself and the class. A class action allows the Court to resolve the claims of all the class members at the same time. A class member is bound by the determination or judgment entered in the case, whether the class wins or loses, and may not file his or her own lawsuit over the same claims that were decided in the class action.

The Court has appointed Plaintiff's lawyers, Rukin Hyland Doria & Tindall LLP, as class counsel. Class counsel are handling this case on a contingency-fee basis. That means that if there is a recovery for the class, they will claim a share of the recovery as their attorneys' fees (which would be subject to Court approval). As a class member, you also have the right to retain your own lawyer at your own expense.

## III.  Procedures for Opting Out of the Class

If you are or were employed by Budget within the State of California as a Station Manager or Shift Manager at any time on or after December 28, 2001, you are automatically included in the class. You have a right to remain in the class or to opt out of the class. **If you wish to remain in the class, you do not need to take any action at this time.**

If you remain in the class, and do not request exclusion (as explained below), you will be bound by the determinations or judgments in the litigation, whether favorable or unfavorable to the Class, including any judgment ultimately rendered in the action. You may also be entitled to participate in any monetary recovery obtained in this litigation, whether at trial or through settlement.

If you are a class member who is concerned that Plaintiff's individual claims create a conflict of interest for the Class, you may also decide to opt out of the Class. Although the Court has made no finding that Plaintiff's individual claims create a conflict of interest, it permitted the class action claims and Plaintiff's individual claims to go forward concurrently only if there is an opt out provision which can be exercised by any individual class member who feels his or her interests are not adequately protected by the class representative.

If you wish to be excluded from this Class, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Krzesniak v. Cendant*, Case No. Civ. 05-5156 MEJ. Be sure to include your name, address, and telephone number, and sign the letter. **You must mail your exclusion request postmarked by March 21, 2008**, to the Claims Administrator hired by the parties at the following address:

Budget Rent A Car System Class Action Lawsuit
c/o CPT Group
16630 Aston Street
Irvine CA 92606

You may also get an Exclusion Request form at www.BudgetManagerClassAction.com.

If you timely request exclusion from the Class, you will: (1) be excluded from the Class; (2) not be bound by any determination or judgment entered in the litigation; (3) not participate in any recovery obtained through trial or settlement in this litigation; and (4) not be precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual action, if timely.

You may investigate the pursuit of an individual claim before California's Labor Commissioner, Division of Labor Standards Enforcement (the "DLSE"). Information regarding how to file claims with the DLSE and representation by the DLSE may be found at www.dir.ca.gov/dlse.

## IV. No Effect on Your Current Employment with Budget

If you are currently employed by Budget, your decision whether or not to remain in the Class will have no bearing whatsoever upon your employment with Budget. Budget will not discriminate, retaliate against, or treat any class member adversely based on his or her decision whether or not to remain in the Class. If you are a current Budget employee and feel that you are being treated adversely based upon your decision whether or not to remain in the Class, you should contact your human resources representative or the Plaintiff's attorneys (below) immediately.

## V. Additional Information

The information contained in this Notice is only a summary of the litigation. For more detailed information, you may review the complete court files of this case at the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, during regular business hours. You may also visit the www.BudgetManagerClassAction.com website. Additionally, more detailed information regarding the litigation or this notice may also be obtained from Class Counsel or the attorneys for Defendants.

| Class Counsel: | Counsel for Defendants: |
|---|---|
| Steven Tindall, Esq. | Michael Hoffman |
| Peter Rukin, Esq. | Littler Mendelson |
| Rukin Hyland Doria & Tindall LLP | 650 California Street, 20th Floor |
| 100 Pine Street, Suite 725 | San Francisco, California 94108 |
| San Francisco, California 94111 | Telephone: (415) 433-1940 |
| Telephone: 415-421-1800 | |

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS LAWSUIT.**

Dated: December 17, 2007

_____
MARIA ELENA JAMES
UNITED STATES MAGISTRATE JUDGE