1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

STANLEY KRZESNIAK, individually, on          No. C 05-05156 MEJ
7  behalf of all others similarly situated, and on
   behalf of the general public,
8                                             **ORDER RE: PLAINTIFF'S REQUEST**
                  Plaintiff(s),              **FOR AN INCENTIVE AWARD**
9
   vs.
10
CENDANT CORP., CENDANT CAR RENTAL
11 GROUP, INC., CENDANT CAR RENTAL
   OPERATIONS SUPPORT, INC., and BUDGET
12 RENT A CAR SYSTEM, INC.,

13                Defendant(s).
   _____/
14

15        Pending before the Court is Plaintiff Stanley Krzesniak's Motion for Final Approval of Class

16 Action Settlement, filed on August 7, 2008.  (Dkt. #127.)  The parties negotiated a class-wide

17 settlement which calls for a pro rata distribution of $289,000 among 81 class members.  Because the

18 number of persons filing timely claims reduced the distribution pool to 54 class members, the

19 average payment will be $5,352 per person.

20        In addition to his pro rata distribution, Plaintiff asks the Court to pay him an extra $15,000 as

21 an incentive award for his service to the class.  Defendants' only objection to Plaintiff's motion is

22 this proposed incentive payment.  Defendants raise several objections: (1) the bulk of time and

23 energy which Plaintiff spent on the case was devoted to his prosecution of his individual claims; (2)

24 Plaintiff initiated this action for individual recovery, and class treatment was an afterthought; and (3)

25 Plaintiff's demand is grossly excessive in proportion to the total settlement fund.

26        In the Ninth Circuit, named plaintiffs are eligible for reasonable incentive payments.  *Staton*

27 *v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  "The district court must evaluate their awards

28 individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  interests of the class, the degree to which the class has benefitted from those actions, ... the amount

2  of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s of]

3  workplace retaliation." *Id.* (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

4          Upon review of the record in this case, the Court finds that Plaintiff is entitled to a

5  reasonable incentive payment.  Although Defendants argue that Plaintiff spent the bulk of his time

6  prosecuting his individual claims, a review of the docket reveals that the majority of time spent in

7  this case appears to be related to class issues, including responding to Defendants' motion to have

8  him disqualified as a class representative, his motion for class certification, and settlement

9  negotiations.  The Court also notes that Plaintiff was willing to dismiss his individual claims if the

10  Court believed that they prevented him from being an adequate class representative.  (Dkt. #69, ¶ 5.)

11          As to the amount of the incentive award, the Court finds it excessive.  First, the Court notes

12  that Plaintiff does not specify the amount of time and effort he spent on this case.  Second, in

13  arguing that $15,000 is at the modest end of the incentive award spectrum, he cites to cases that are

14  clearly distinguishable.  In *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985), the

15  court awarded $20,000 to each of two named plaintiffs, finding that each plaintiff "spent in excess of

16  500 hours' time at counsels' request" in the litigation.  Here, there is no evidence  before the Court

17  that Plaintiff himself spent anywhere near this amount of time on the present case.

18          In *Razilov v. Nationwide Mutual Ins. Co.*, 2006 WL 3312024, *1 (D. Or. 2006), the court

19  awarded a total of $20,000 in incentive awards among three class representatives.  However, the

20  total settlement fund was $19,250,000, meaning that the incentive awards represented .001% of the

21  total payments to class members.  Here, a $15,000 incentive award represents .052% of the total

22  payments.

23          In *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995), the named

24  plaintiff sought an incentive award of $100,000, but the court lowered the amount to $50,000.  *Id.* at

25  300.  However, the total award in that case was $76,723,213.26, meaning the incentive award

26  represented .0007% of the total payments.  Further, the court noted that the plaintiff had participated

27  in 49 telephone conferences and five meetings with the class counsel, attended three pre-trial

28

2

1    hearings, had his deposition taken twice, and testified at trial.  Here, there is no evidence that

2    Plaintiff's involvement reached this level.

3         Finally, Plaintiff cites to *In re Dun & Bradstreet Credit Services Customer Litigation*, 130

4    F.R.D. 366, 374 (S.D. Ohio 1990), in which the court approved incentive payments of $55,000 to

5    two class representatives and $35,000 to three class representatives.  Again, however, the total

6    award in that case was $18,000,000, meaning that no incentive award represented more than .003%

7    of the total payments.  Moreover, the Court is disinclined to follow *In re Dun* because, given the

8    vague language used in the opinion, *see id.*("all of the class representatives spent a good deal of time

9    and effort in this case, as reflected in the supporting affidavits they filed"), it has no meaningful way

10   of comparing the amount of time spent by the class representatives with the time spent by Plaintiff in

11   the present action.

12        While the incentive award sought by Plaintiff is excessive, "a class representative is entitled

13   to some compensation for the expense he or she incurred on behalf of the class lest individuals find

14   insufficient inducement to lend their names and services to the class action."  *In re Oracle Securities*

15   *Litigation*, 1994 WL 502054, *1 (citing *In re Continental Illinois Securities Litigation*, 962 F2d 566,

16   571 (7th Cir1992)).  According to Plaintiff, his participation in this case has included the following:

17   (1) assisting counsel with the preparation of the complaint and amended complaints; (2) producing

18   relevant documents and responding to written discovery; (3) responding to his counsel's questions

19   throughout the case; (4) helping to draft, review, and sign multiple declarations; (5) preparing and

20   sitting for a day-long deposition; (6) participating in the mediation session; and (6) conferring with

21   counsel during negotiation of the class action settlement.  (Dkt. #130, ¶ 21.)  Defendants argue that

22   this level of participation is similar to the class representatives in *In re Oracle*.  In that case, each of

23   the eight representatives spent between two and five hours undergoing depositions, and each

24   responded to a few narrow document discovery requests.  *Oracle*, 1994 WL 502054,.at *1.  The

25   court found that this limited participation did not justify the requested incentive award of $2,500

26   each, but did award $500 each.

27        Here, the Court finds that Plaintiff's level of participation appears to be slightly higher than

28
                                          3

1  the *Oracle* representatives.  Moreover, the Court recognizes that Plaintiff is the only class

2  representative in this case, and he was willing to dismiss his individual claims in furtherance of the

3  class action.  In light of his successful efforts to obtain a result for the Class, the Court hereby

4  APPROVES an incentive award of $1,500 for Plaintiff Stanley Krzesniak.

5      **IT IS SO ORDERED.**

6

7  Dated: September 18, 2008

8   MARIA-ELENA JAMES
   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California