PETER S. RUKIN (SBN 178336)
STEVEN M. TINDALL (SBN 187862)
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (415) 421.1800 / Fax (415) 421.1700
E-mail: peterrukin@rhdtlaw.com
E-mail: steventindall@rhdtlaw.com

Attorneys for Plaintiff STANLEY KRZESNIAK

MICHAEL HOFFMAN, Bar No. 162496
ARENA HOFFMAN LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: 415.433.1414 / Fax: 415.520.0446
E-mail: mhoffman@arenahoffman.com

Attorneys for Defendants CENDANT CORPORATION, CENDANT CAR RENTAL GROUP, LLC, formerly known as Cendant Car Rental Group, Inc., CENDANT CAR RENTAL OPERATIONS SUPPORT, INC., and BUDGET RENT A CAR SYSTEM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STANLEY KRZESNIAK,

Plaintiff,

vs.

CENDANT CORPORATION, CENDANT CAR RENTAL GROUP, INC., CENDANT CAR RENTAL OPERATIONS SUPPORT, INC., BUDGET RENT A CAR SYSTEM, INC.,

Defendants.

**Case No. CV 05-5156 MEJ**

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
AND ORDER THEREON
Date: March 26, 2009
Time: 10:00 a.m.
Ctrm: B

Hon. Maria Elena James

The parties jointly submit this Case Management Statement:

**JURISDICTION AND SERVICE**

1. **Basis for Court's Subject-Matter Jurisdiction:**

The Court has diversity jurisdiction and federal question jurisdiction over the action.

2. **Issues Regarding Personal Jurisdiction or Venue:**

The parties do not contest personal jurisdiction or venue.

3. **Parties Yet To Be Served:**

There are no unserved parties known at this time.

**FACTS**

4. **Overview of the Case**

Plaintiff Stanley Krzesniak ("Plaintiff") filed a lawsuit on behalf of all current and former Station Managers and Shift Managers who have worked in California locations of Budget Rent-A-Car since December 28, 2001. By Order of June 20, 2007, the Court certified this class. By Order of September 18, 2008, the Court granted final approval to the class action settlement reached with regard to the class claims in this action. The claims remaining to be litigated in this action are Plaintiff's individual claims for alleged violations of the Family and Medical Leave Act and the California Family Rights Act.

Defendants deny Plaintiff's allegations, deny any wrongdoing or legal liability for any alleged violations of the Family and Medical Leave Act and the California Family Rights Act.

5. **The Factual Issues Which The Parties Dispute:**

The parties dispute whether Mr. Krzesniak requested family care leave and whether Defendants subjected him to discipline, harassment, and/or termination because of any such request for family care leave. The parties dispute the circumstances surrounding Mr. Krzesniak's request for leave. The parties dispute whether Plaintiff properly requested leave and received all of the leave he properly requested and/or was entitled to receive. The parties dispute whether Plaintiff missed scheduled working shifts without explanation, notice, or approved leave. The parties also dispute whether Mr. Krzesniak has suffered and will continue to suffer economic damages and injuries as a result of his discharge and Defendants' alleged conduct towards him. The parties dispute whether

Plaintiff mitigated his alleged damages with reasonable diligence.

**6. The Legal Issues Which The Parties Dispute**

The parties dispute whether Defendants' alleged conduct towards Mr. Krzesniak amounted to retaliation under the FMLA and CFRA and whether he is entitled to compensatory and punitive damages as a result.

## MOTIONS

**7. The following motions are contemplated:**

Defendants intend to file a motion for summary judgment.

## AMENDMENTS TO THE PLEADINGS

**8. Anticipated Amendments:** The parties do not anticipate any further amendments to the pleadings.

**9. Proposed Deadline for Amending the Pleadings:** ~~Plaintiff proposes that the Court set a Rule 16 deadline to amend the pleadings of April 15, 2009. Since this action has been pending for nearly three years, and Plaintiff previously asked the Court to set a Rule 16 deadline to amend the pleadings by February 28, 2009, Defendants request that~~ no further amendments to the pleadings are ~~be~~ permitted in the absence of a showing of good cause within the meaning of Rule 16.

## DISCOVERY

**10. Disclosures:** The parties have exchanged initial and supplemental disclosures. The parties do not propose changes to be made in the timing, form, or requirement for disclosures under Rule 26(a).

**11. Discovery To Date**: The parties have served interrogatories and document requests pertaining to class certification issues, and completed four depositions. Defendants have taken Plaintiff's deposition; Plaintiff took the depositions of three managers.

**12. Scope of Anticipated Discovery:** The parties anticipate additional discovery on liability and damages issues related to Plaintiff's claims and defendants' affirmative defenses.

**13. Proposed Limitations or Modifications of Discovery Rules:** The Parties do not anticipate a need for modifications to current discovery rules at this time.

**14. Rule 26(f) Discovery Plan:**

**Plaintiff's Position.** Plaintiff intends to serve additional written discovery and anticipates several additional depositions regarding the circumstances surrounding Mr. Krzesniak's requests for family and medical leave, the discipline of Plaintiff, the termination of Plaintiff, the reasons for his discipline and termination, and the financial status of Defendants (for purposes of assessing punitive damages). Plaintiff does not believe discovery should be conducted in phases or limited to or focused on particular issues.

Plaintiff does not believe the parties have any unresolved issues concerning disclosure of electronically stored information or the privilege or protection of trial preparation materials. Plaintiff does not believe any changes need to be made in the limitation on discovery imposed under the federal rules or this Court's local rules.

**Defendants' Position.** Defendants gathered and preserved all available, relevant and discoverable paper and electronic material. Defendants intend to serve additional written discovery, serve third party subpoenas, and take two or more depositions of individuals identified by Plaintiff regarding his allegations, family and medical leave, and Plaintiff's alleged damages. Defendants have a right to postpone punitive damage discovery until Plaintiff makes a prima facie showing.

**RELIEF**

**17. Relief Sought:** Plaintiff seeks an award of compensatory and punitive damages, attorneys' fees and costs. To date, Plaintiff seeks lost wages damages and a loss of employment benefits attributable to his unlawful termination in an amount to be proven at trial. Plaintiff seeks an amount of punitive damages sufficient to punish Defendants for their unlawful conduct in this action, in an amount to be determined at trial. Plaintiff reserves the right to identify additional damages once investigation and discovery in this matter is complete.

Defendants request that Plaintiff identify his alleged damages and explain the computation per Fed. R. Civ. P. 26(a) and the N.D. Cal. Standing Order on Case Management Conf. Statements.

**SETTLEMENT AND ADR**

**18. ADR Efforts to Date:** The parties conducted a day-long mediation in April 2007. After additional months of negotiations concerning both the class claims and the individual claims,

the parties were able to reach an agreement regarding the class claims but were not able to reach agreement regarding the individual claims. The parties have also exchanged multiple proposals regarding a resolution of Plaintiff's individual claims, without success.

**20. ADR Plan:** The mediator has offered to continue assistance, if needed. Based on the prior day-long private mediation, as well as the prior exchange of proposals, Defendants do not consent to another settlement conference. Given that Defendants do not consent to a settlement conference, Plaintiff does not believe that such a conference would be fruitful at this time. The parties may resume a dialogue on this subject at any time as events in the case unfold.

**MISCELLANEOUS MATTERS**

**21. Consent to Magistrate Judge**: The parties consented to this assignment for all purposes, including but not limited to trial.

**22. Other References**: The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**23. Narrowing of Issues**: The parties have not agreed to narrow any issues.

**24. Expedited Schedule**: This case is not of a type that can be handled on an expedited basis with streamlined procedures.

**25. Related Cases**: The parties are not aware of any related cases.

**SCHEDULING**

**26. Pretrial Schedule:** By Order of November 10, 2008, the Court set the following deadlines and briefing schedule for discovery and trial:

October 9, 2009: non-expert discovery cut-off;

September 14, 2009: service of any expert disclosures;

September 24, 2009: service of any rebuttal disclosures;

October 9, 2009: completion of all expert discovery; and

November 5, 2009: Last day to file dispositive motions.

December 10, 2009: Hearing on dispositive motions.

April 12, 2010: Commencement of trial. The Court has stated that the trial shall last six days. Plaintiff intends to try the case to a jury.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**28.** Defendants identify Avis Budget Group, Inc. as an interested entity within the meaning of Civil Local Rule 3-16.

**STATUS CONFERENCES**

**29.** The parties request that the Court schedule a further status conference in 180 days to receive a progress and compliance report from the parties. GRANTED

Dated: March 19, 2009

/S/
MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorneys for DEFENDANTS

Dated: March 19, 2009

/S/
PETER RUKIN
STEVEN TINDALL
RUKIN HYLAND DORIA & TINDALL
Attorneys for PLAINTIFF

The Court shall conduct a further status conference on September 24, 2009 at 10:00 a.m If the parties have a dispute regarding punitive damage discovery, they shall comply with the undersigned's discovery standing order.

The March 26, 2009 status conference is hereby VACATED.

Dated: March 19, 2009

